Kevin HALPERN, Plaintiff—Appellant,

v.

CITY OF SANTA CRUZ; Abraham Rodriguez; David Perry, Defendants—Appellees.

No. 04–16221.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 7, 2006.

Decided May 3, 2006.

Douglas C. Kane, Esq., Law Offices of Douglas C. Kane, Santa Cruz, CA, for Plaintiff—Appellant.

George J. Kovacevich, Esq., Atchison, Barisone & Condotti, A Professional Corporation, Santa Cruz, CA, for Defendants—Appellees.

Before: THOMPSON and CALLAHAN, Circuit Judges, and MILLER,* District Judge.

## MEMORANDUM **

Kevin Halpern challenges the district court's summary judgment dismissing his 42 U.S.C. § 1983 and state false imprisonment claims against Officers Abraham Rodriguez and David Perry, and the City of Santa Cruz. Halpern argues that there are triable issues of fact regarding whether the officers detained him without rea-

---

* The Honorable Jeffrey T. Miller, United States District Judge for the Southern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sonable suspicion, and arrested him without probable cause. Viewing the evidence in the light most favorable to Halpern, we must determine de novo whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *See Olsen v. Idaho State Bd. of Medicine*, 363 F.3d 916, 922 (9th Cir.2004) (citing *United States v. City of Tacoma*, 332 F.3d 574, 578 (9th Cir.2003)). We affirm the district court.

To have reasonable suspicion to detain a suspect, an officer must have "a particularized and objective basis" for suspecting a crime given the totality of circumstances. *See United States v. Arvizu*, 534 U.S. 266, 273, 122 S.Ct. 744, 151 L.Ed.2d 740 (2002). To have probable cause to arrest a suspect, the arresting officer must have trustworthy information at the time of arrest "sufficient to warrant a prudent man in believing that the petitioner had committed or was committing an offense." *Beck v. Ohio*, 379 U.S. 89, 91, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964).

■ During his consensual contact with the officers, Halpern exhibited several objective signs that he was under the influence of an illegal stimulant. Halpern does not dispute that, prior to detaining him for field testing, the officers observed that he: (1) had been flailing his arms, (2) was moving around, (3) was acting agitated, (4) was underdressed on a cold night, (5) had visibly enlarged pupils, (6) had a slightly elevated body temperature, and (7) was slightly perspiring. Although Halpern attempted to explain some of these seven indicia, they nonetheless provided a particularized and objective basis for suspecting that he had ingested an illegal stimulant. Therefore, the officers had reasonable suspicion to detain him.

■ Prior to arresting Halpern, the officers administered field tests which revealed the following additional undisputed

and objective signs of stimulant use: (8) Halpern had an extremely elevated pulse, (9) his pupils contracted slowly when exposed to light, (10) his pupils contracted minimally when exposed to light, (11) his pupils demonstrated an oscillating motion known as "hippus," and (12) he blinked excessively with "trembling" eyelids.

Viewing the evidence in the light most favorable to Halpern, we note that the officers also measured Halpern's pupil diameter as 6.5 millimeters, which represents the outermost edge of the "near normal" range for the lighting conditions. This fringe measurement hardly undercuts the twelve objective indications of stimulant use. The officers had trustworthy information at the time of arrest sufficient to warrant a prudent man in believing that Halpern had ingested an illegal stimulant, and therefore had probable cause to arrest him.

Halpern's expert's opinion that the officers acted without reasonable suspicion or probable cause does not change our conclusion that, given the undisputed facts of this case, they had both as a matter of law. *See Rebel Oil Co. v. Atl. Richfield Co.*, 51 F.3d 1421, 1436 (9th Cir.1995) ("When an expert opinion is not supported by sufficient facts to validate it in the eyes of the law, or when indisputable record facts contradict or otherwise render the opinion unreasonable, it cannot support a jury's verdict.").

■ Because the officers did not deprive Halpern of his constitutional rights, the district court properly dismissed his *Monell* claim against the City of Santa Cruz. *See City of Los Angeles v. Heller*, 475 U.S. 796, 798–99, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986) (recognizing that a constitutional violation by the officers is a prerequisite to a claim pursuant to *Monell*

*v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978)).

■ Because the officers acted lawfully, the district court properly dismissed Halpern's claim of false imprisonment. *See* Cal.Penal Code § 847(b) ("There shall be no civil liability on the part of . . . any peace officer . . . for false arrest or false imprisonment . . . [if] . . . (1) The arrest was lawful, or the peace officer, at the time of arrest, had reasonable cause to believe the arrest was lawful."); Cal. Gov't Code § 815.2 (conditioning liability of the municipality on liability of the officers).

**AFFIRMED.**